NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 24 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

STEVE ZUEHLSDORF, individually, and
on behalf of a class of similarly situated
individuals,

Plaintiff - Appellant,

v.

FCA US LLC, a Delaware limited liability
company,

Defendant - Appellee.

No. 23-3372

D.C. No.
5:18-cv-01877-JGB-KK

MEMORANDUM*

Appeal from the United States District Court for the
Central District of California
Jesus G. Bernal, District Judge, Presiding

Argued and Submitted October 9, 2024
Pasadena, California

Before: NGUYEN and HURWITZ, Circuit Judges, and EZRA, District Judge.**

This putative class action asserts consumer fraud and breach of warranty

claims against FCA US LLC, the manufacturer of Zuehlsdorf's 2012 Jeep Compass.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable David A. Ezra, United States District Judge for the
District of Hawaii, sitting by designation.

After a prior remand, *Zuehlsdorf v. FCA US LLC*, No. 22-55270, 2023 WL 385175 (9th Cir. Jan. 25, 2023), the district court granted summary judgment to FCA, finding that Zuehlsdorf had failed to present evidence that he suffered any damages because of FCA's conduct, and denied Zuehlsdorf's motion for class certification as moot. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

1. Zuehlsdorf claims that his Jeep and other class vehicles "were sold with fluid level specifications that were defective, causing technicians to set the transmission fluid level too high during maintenance and repair and consequently rendering the transmissions likely to overheat and malfunction." The relevant specifications are in a service manual distributed to dealership technicians. That section has a procedure for checking fluid levels when troubleshooting transmission overheating and includes a chart depicting the range of acceptable levels for given fluid temperatures.

However, there is no evidence that any deficiency in the service manual caused the difficulties experienced by Zuehlsdorf's vehicle. It is uncontested that FCA does not use the manual to set transmission fluid levels in new vehicles. Moreover, on the only occasion on which the fluid level in Zuehlsdorf's transmission was serviced, in 2014, it was set at the low end of the range specified in the manual, a level that Zuehlsdorf's expert agreed would not cause the problems that the Jeep

2                                                    23-3372

later experienced in 2018. Nor was there evidence that the level of transmission fluid was adjusted upward after 2014.

2. Our prior decision established that the measure of damages from the alleged deficiency in the service manual was the cost of adjusting the transmission fluid to the lowest level in the manual. *See Zuehlsdorf*, 2023 WL 385175 at \*2. The transmission fluid in Zuehlsdorf's Jeep was adjusted to this level in 2014 by the dealership, but Zuehlsdorf did not pay for this service, which was covered under warranty. Therefore, the manual did not cause the monetary loss that forms the sole remaining basis for Zuehlsdorf's damages claims.

3. To the extent that Zuehlsdorf's expert opined that the Jeep's transmission itself was defective because its design allows overheating if the transmission fluid level is set too high, the district court also did not err in granting summary judgment. There is some evidence that the fluid level was, under the expert's opinion, too high in 2014, and thus presumptively also too high at the time of sale. However, that problem was remedied, even under the expert's theory, when the fluid level was adjusted in 2014. Because Zuehlsdorf did not pay for that adjustment, he did not suffer the only damages our prior decision recognizes.

**AFFIRMED.**

23-3372